IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

United Dairy, Bakery & Food Workers Local 386
Affiliated with the Retail, Wholesale & Dept.
Store Union, A.F.L.-C.I.O.-C.L.C.

      Plaintiff,

v.

DFA Dairy Brands, LLC (aka Country Fresh),

      Defendant.

Case No.: _____

Honorable _____
United States District Court Judge

Fillipe S. Iorio (P58741)
KALNIZ, IORIO & REARDON CO., L.P.A.
Attorneys for Plaintiff Union
4981 Cascade Road, S.E.
Grand Rapids, Michigan 49546
Telephone: (616) 940-1911
Facsimile: (616) 940-1942
Email: groffice@ioriolegal.com

## COMPLAINT

NOW COMES Plaintiff, United Dairy, Bakery & Food Workers Local 386 Affiliated with the Retail, Wholesale & Department Store Union AFL-CIO-CLC, by and through its attorneys the law office of Kalniz, Iorio & Reardon Co., L.P.A. and states as follows:

### JURISDICTION AND THE PARTIES

1. Plaintiff, United Dairy, Bakery & Food Workers Local 386 Affiliated with the Retail, Wholesale & Department Store Union A.F.L.-C.I.O.-C.L.C. (hereinafter "Union") is a labor organization representing employees in an industry affecting commerce under the National Labor Relations Act, 29 U.S.C. 151 *et seq.*, with its principal office at 3181 Eastern Ave, Grand

Rapids, Michigan 49508 which exists for the purpose of representing employees regarding wages, hours, and other terms and conditions of employment.

2. Defendant DFA Dairy Brands, LLC (aka Country Fresh) (hereinafter "Company") has its principal place of business at 2555 Buchanan Ave. S.W. Grand Rapids, Michigan 49548. Defendant Company is an employer in an industry affecting commerce under the National Labor Relations Act, 29 U.S.C. § 151 *et seq.* and the Labor Management Relations Act, 29 U.S.C. Section 141 *et seq*.

3. This is an action brought by Plaintiff Union pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185(c).

4. This Court has jurisdiction pursuant to 29 U.S.C. § 185(c); 28 U.S.C. § 1331.

## VENUE

5. Venue is properly laid in this court under 28 U.S.C. § 1391 and 29 U.S.C. §185(a) because the events that gave rise to the claims occurred in this district.

## STATEMENT OF FACTS

6. Plaintiff Union and Defendant Company are parties to a collective bargaining agreement that is effective October 4, 2022 through October 4, 2025. The collective bargaining agreement is a valid contract under National Labor Relations Act, 29 U.S.C. § 151 *et seq.* and the Labor Management Relations Act, 29 U.S.C. § 141 *et seq*.  A true and accurate copy of the parties' CBA is attached hereto as Plaintiff Exhibit 1.

7. Plaintiff Union is the exclusive bargaining representative for hourly employees employed at the Defendant Company's Country Fresh dairy and warehouse operations in Grand Rapids, Michigan as is described in Article 1 of the collective bargaining agreement. See Plaintiff's Exhibit 1.

8. The collective bargaining agreement contains a grievance and arbitration procedure in Article 2 that provides for final and binding arbitration in the event that a grievance cannot be resolved.

9. Article 2 of the parties' collective bargaining agreement provides in part that:

> Section 3. There shall be an earnest and honest effort to settle differences and disputes; the procedure which shall govern handling of all such grievances and disputes between the Company and its employees shall be as follows: . . .

10. Arbitration is the last step in the parties' grievance procedure to resolve disputes concerning interpretation and application of the parties' collective bargaining agreement and any matters "which involve working conditions":

> In the event that any grievance, disputes or differences growing out of matters which are covered by this Agreement, or matters which are not covered but which involve working conditions, arise which cannot be adjusted by the Company and the Union, then such matters shall, at the request of either party hereto, be referred promptly to arbitration; provided, however, that no arbitrator shall have any authority to change the contract between the parties.

11. Article 2 of the parties' agreement further provides in part that "The written decision of said Arbitrator shall be final, and both parties shall be bound thereby."

12. On or about March 18, 2025, Plaintiff Union filed a grievance (no. 4169) pursuant to the terms of the collective bargaining agreement alleging a violation of the collective bargaining agreement because Defendant Company breached the collective bargaining agreement by failing to provide paid sick leave to bargaining unit employees. A true and accurate copy of the Union's grievance is attached hereto as Plaintiff Exhibit 2.

13. The parties, through the contractual grievance procedure, processed the grievance but were unable to reach a resolution.

14. On or about May 19, 2025, Plaintiff Union requested that the disputed grievance be submitted to arbitration to resolve the contractual disagreement involving paid sick leave.

15. On or about May 20, 2025, Plaintiff Union requested a panel of seven arbitrators from the Federal Mediation and Conciliation Service to arbitrate the grievance.

16. On or about June 25, 2025, Defendant Company unequivocally refused to arbitrate the grievance.

## COUNT I:  SUIT TO COMPEL ARBITRATION

17. Plaintiff hereby incorporates by reference Paragraphs 1 through 16 above.

18. The collective bargaining agreement contains a grievance procedure which plainly provides that grievances involving interpretation and application of the collective bargaining agreement and disputes or differences which involve working conditions are to be settled in accordance with Article 2 – "Grievance Procedure."

19. Article 2 of the collective bargaining agreement provides that final and binding arbitration is the last step in the grievance procedure.

20. The grievance charging a violation of the express terms of the collective bargaining agreement and/or which involves working conditions is a dispute that the parties are obligated to submit to arbitration pursuant to the terms of the written grievance arbitration clause contained in the collective bargaining agreement.

21. Arbitration is the favored means of resolving labor grievance disputes.

22. Defendant Company is in breach of the collective bargaining agreement's written arbitration provision because it refuses to arbitrate the paid sick leave grievance.

WHEREFORE, Plaintiff Union respectfully requests that Defendant Company be compelled to arbitrate the grievance and that Plaintiff be awarded costs and attorney fees and all other relief to make Plaintiff Union whole.

## COUNT II:  BREACH OF CONTRACT

23. Plaintiff hereby incorporates by reference Paragraphs 1 through 22 above.

24. Section 301 of the LMRA authorizes "suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce."

25. Plaintiff Union and Defendant Company are parties to a collective bargaining agreement which is effective October 4, 2022 through October 4, 2025 and which is governed by 29 U.S.C. § 185.

25. Plaintiff Union represents hourly employees who work in the Defendant Company's dairy and warehouse as listed under the terms of the collective bargaining agreement. The Plaintiff represented employees are covered under the terms of the parties' collective bargaining agreement. The collective bargaining agreement is a valid, enforceable contract that sets forth the wages, hours, and conditions of employment for covered employees.

26. In Article 6, the collective bargaining agreement contains provisions relating to leave and a clause titled "Applicable Law" that provides: "If any provision of this Agreement conflicts with applicable law, it shall be automatically modified as necessary to make it legal."

27. Defendant Company, in breach of the contract, has failed and refused, and continues to fail and refuse, to provide paid sick leave to bargaining unit employees.

28. Defendant Company is in breach of the collective bargaining agreement, including without limitation Articles 2 and 6.

29. Plaintiff has exhausted its contractual remedies in regard to its pending grievance relating to paid sick leave and the contractual breach remains unresolved.

30. Plaintiff Union has been damaged by Defendant Company's breach of contract in all of the following ways:

    a. Plaintiff is the exclusive bargaining representative for bargaining unit employees working in the dairy and warehouse;

    b. Plaintiff and its members have not received the full benefit of the bargained for terms in the labor agreement;

    c. Plaintiff has been compelled to incur the costs of this action to obtain compliance with the collective bargaining agreement.

WHEREFORE, Plaintiff Union respectfully requests that Defendant Company be compelled to comply with the collective bargaining agreement; that the Defendant be required to pay damages including providing paid sick leave to bargaining unit employees; that Defendant be required to pay the costs of this action, including reasonable attorney's fees, and that this Court further order any and all other relief necessary to make Plaintiff and its represented employees whole.

Respectfully submitted,
KALNIZ, IORIO & REARDON CO., L.P.A.
Attorneys for Plaintiff RWDSU Local 386

Dated: June 27, 2025

*Fillipe S. Iorio*
Fillipe S. Iorio (P58741)
4981 Cascade Road, S.E.
Grand Rapids, Michigan 49546
Tel: (616) 940-1911
Email: groffice@ioriolegal.com